FANNY M. BEDLOW, Respondent, *v.* SARAH A. STILLWELL, Appellant, Impleaded with HENRY BEDLOW and Others, Defendants.

*Dower in a pier — dower is acquired in any estate of inheritance recoverable in ejectment.*

An action of ejectment will not lie for an easement or for a right in gross. Where, however, a husband has during coverture a legal estate in a pier, which is descendible to his heirs, his widow is entitled to dower therein.

In an action brought to recover dower it appeared that, in 1806, the city of New York granted to Henry Rutgers, as abutting owner, a piece of land on the East river, lying between high and low-water mark; that Rutgers agreed to build a street seventy feet wide upon the south side of the grant, to be known as Front street; that he did so and it became a public street; that he leased the premises; that his lessees, with the consent of the city, erected a pier on the south side of the street extending southerly into the East river and that subsequently the plaintiff's husband, who was an heir or devisee of Rutgers, sold his interest in the upland west of Front street and there remained to him only his interest in the land on the east side of Front street and his interest in the wharf in question.

It appeared that in a former action, brought by the husband of the plaintiff and his co-tenants, as heirs at law and devises of Henry Rutgers to recover possession of this pier, the Court of Appeals held that Rutgers owned the fee of the street subject to the public use, and that when his tenants built the pier, with the permission of the city, it became appurtenant to his fee in the street and that the plaintiffs in that action could maintain ejectment for the recovery of their interest in the pier.

*Held,* that the Court of Appeals in effect decided that the plaintiff's husband had an estate of inheritance in the pier, and that consequently the plaintiff was entitled to dower therein.

APPEAL by the defendant, Sarah A. Stillwell, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of February, 1894, upon the decision of the court rendered after a trial at the New York Circuit before the court without a jury, and also from a final judgment entered in said clerk's office on the 14th day of August, 1894, upon the report of a referee.

*George W. Stephens*, for the appellant.

*William A. Duer*, for the respondent.

PER CURIAM :

In *Bedlow* v. *N. Y. Floating Dry Dock Co.* (112 N. Y. 263), an action brought by the husband of the plaintiff to recover possession of the property in which dower is sought to be recovered by this action, it was held that he had a legal estate in the pier which could be recovered in an action of ejectment. It is a familiar principle of law that an action of ejectment will not lie for an easement or a right in gross. The case cited necessarily holds that the plaintiff's husband had a legal estate in this pier which, had he remained its owner until his death, would have descended to his heirs. A widow is entitled to dower in an estate of inheritance of which her husband was seized during marriage. Every estate in lands, except such as are determined by the death of the holder, leases for years, and estates for the life of another, are estates of inheritance and descend to the heirs upon the death of the owner thereof intestate, subject to the widow's right of dower therein. (1 R. S. 754, § 27.) Under the facts found, which are supported by the evidence, and the decision above cited, the plaintiff's husband had an estate of inheritance in the pier, and she is entitled to dower therein, which is shown by the opinion of the learned trial justice which covers the case, and the judgment should be affirmed on that opinion, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.

· The opinion of the trial justice was as follows:

INGRAHAM, J.:

This action is brought by plaintiff to recover dower in an interest in a certain dock in the city of New York, of which it is claimed her husband died seized. It appears in the year 1806 Henry Rutgers was the owner of certain premises abutting on the East river at the foot of Montgomery street in the city of New York, and on the twenty-eighth of November in that year the Mayor, etc., of the city of New York granted to said Rutgers a piece of land between high and low-water mark, abutting upon the property owned by him, which piece of land was particularly described upon the plan or map which was specifically referred to in said grant. By a separate provision in the grant the said Rutgers agreed to build on the south side of the premises conveyed, a good, sufficient and firm wharf, pier or street of seventy feet in breadth, continuous to the East river or harbor of said city, also distinguished on said map as Front street. Rutgers complied with his covenant and built the street, which thereby became a public street. He leased said premises, and subsequently the lessees, with the consent of the municipal corporation, erected a pier extending from the south side of said street into the East river. The upland upon the west of Front street was subsequently sold by plaintiff's husband and his co-tenants, in which conveyances plaintiff joined, leaving the only premises owned by the plaintiff's husband, in which plaintiff could claim that she had a right of dower, the right to the use of on the east side of Front street, and to this wharf so erected by the tenants under the lease made to them by Rutgers. Alfred Bedlow, plaintiff's husband, was the owner of one undivided sixth interest in this wharf right, as devisee or heir at law of the said Rutgers, and the question is whether or not this was an interest to which the plaintiff's right of dower attached.

By the Revised Statutes (1 R. S. 740, § 1) it is provided that "A widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage." And "the terms 'real estate' and 'lands' as used in this chapter shall be construed as co-extensive in meaning with lands, tenements and hereditaments." (1 R. S. 750, § 10.)

The terms "lands, tenements and hereditaments" are generally

construed to include all lands and interest in lands, corporeal or incorporeal, which would descend to an heir at law, and it would seem to follow that if this interest of plaintiff's husband was an interest in land of which he was seized, and which would descend to his heir at law, that plaintiff's right of dower attached.

The interest that the plaintiff had in this pier has, I think, been settled by the Court of Appeals in the case of *Bedlow* v. *The New York Floating Dry Dock Company* (112 N. Y. 263). That was an action brought by plaintiff's husband with his co-tenants to recover the possession of this pier, and it was decided that the plaintiff and his co-tenants were entitled to such possession. In the opinion deciding this question, the interest that the plaintiffs had was quite exhaustively discussed. It was there held that the deed from the city to Rutgers gave to the grantee all the land between high and low-water mark, necessary to establish a street and wharf in the harbor. That the terms of the grant expressly contained land lying between high and low-water mark, extending from the grantee's land on the north to the harbor on the south, and that the plain purpose of the grant was, among other things, to enable the grantee to construct a wharf on the land granted, accessible by water at all times from such harbor, and which should form the extreme southerly line of the city at that place. It was also held that this right to build and maintain a wharf would carry with it the right to collect wharfage and the right to unobstructed access to the wharf over the water of the harbor, and that Rutgers thereby acquired the right not only to the use and enjoyment of the premises conveyed, and of all easements connected therewith, but also the right to make all such erections and improvements thereon and additions thereto as should contribute to his profitable enjoyment; that he could lawfully make new erections upon the land conveyed or additions to those already there; that he could also extend and improve the wharf so as to increase its facilities; to build a pier attached thereto, provided that they obtain the consent of the city therefor, and that the building of the wharf or pier by Rutgers' tenants inured to Rutgers' benefit, and upon the determination of the tenancy, Rutgers was vested with the title of any structure remaining on the demised premises as a fixture annexed to the freehold. It follows from this that Rutgers was the owner of the fee

of the street built by him upon his lands, under the covenant contained in the grant before mentioned, which, of course, was subject to the public use.

He, however, owned something more than the bare naked fee of a piece of land dedicated to the public use, as he was also entitled to the wharfage of the wharf or pier on the south side of the street, and that right was one that the city could not deprive him of without compensation. And upon the building of the wharf by his tenant, with permission of the city, that wharf became appurtenant to his fee of the street, being a mere extension of the right of wharfage that he had upon the wharf erected on the south side of the street. And I think it clearly follows, from the whole opinion of the Court of Appeals in the case before cited, that the interest of the plaintiff in this property was clearly within the statutory definition of lands, and that the plaintiff's husband was seized of and in possession of one-sixth thereof.

The elaborate brief presented by counsel for the defendants would appear to be rather in the nature of an application to review the decision of the Court of Appeals in the case before cited, than to apply the principle established by that decision in the question here to be determined.

I think it clearly follows, applying the principles established by the Court of Appeals in the *Bedlow* case, that plaintiff is entitled to dower in the one-sixth interest of her husband in the property in question, and that she is entitled to judgment accordingly, the decision and judgment to be settled on notice.